**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YITZCHOK LIBERMAN, | Civil Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; and SIMON'S AGENCY, INC., | 15 U.S.C. § 1681, *et seq.* 15 U.S.C. § 1692, *et seq.* |
| Defendants. | |

Plaintiff Yitzchok Liberman ("Plaintiff") brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, against Defendants Experian Information Solutions, Inc. ("Experian"); Equifax Information Services LLC ("Equifax"); and Simon's Agency, Inc. ("Simon's") (collectively, "Defendants"). Based on the personal knowledge of Plaintiff, the investigation of counsel, and information and belief, Plaintiff alleges as follows:

## <u>NATURE OF THE ACTION</u>

1.      Plaintiff alleges that Experian and Equifax violated the FCRA by failing to maintain and follow reasonable procedures to assure they compiled, maintained, and published Plaintiff's consumer reports with maximum possible accuracy. 15 U.S.C. § 1681e(b).

2.      Plaintiff alleges that Experian and Equifax violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of Plaintiff's disputes.

3.       Plaintiff alleges that Experian and Equifax violated 15 U.S.C. § 1681c-2 by failing to block the Raymour/Simon's Account after Plaintiff identified it as a product of identity theft.

4.      Plaintiff alleges that Simon's violated the FCRA by failing to properly investigate

Plaintiff's disputes and correct the inaccurate furnished information as required by 15 U.S.C. § 1681s-2(b).

5.      Additionally, Plaintiff alleges that Simon's violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* by continuing to furnish information about Plaintiff to Equifax and Experian without marking the information as disputed, in violation of 15 U.S.C. § 1692e.

## PARTIES

6.      Plaintiff incorporates the above paragraphs as though fully detailed herein.

7.      Plaintiff resides in Kings County, New York and qualifies as a "consumer" as defined and protected by the FCRA.  Plaintiff is an individual, not an entity.

8.      Defendant Experian is an Ohio company that regularly conducts business in this District. Experian maintains a principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626.  Experian can be served through its registered agent, CT Corporation Systems dba National Registered Agents, Inc. located at 330 N. Brand Boulevard Glendale, California 91203.

9.      Experian qualifies as a "consumer reporting agency" ("CRA") under the FCRA as it "regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce. 15 U.S.C. § 1681a(f).

10.      Defendant Equifax is a Georgia company that regularly conducts business in this District. Equifax maintains a principal place of business at 550 Peachtree Street, NW, H46, Atlanta, Georgia 30309. Equifax can be served through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

11.      Equifax qualifies as a "consumer reporting agency" ("CRA") under the FCRA as it

"regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce. 15 U.S.C. § 1681a(f).

12.    Defendant Simon's is a debt collector as defined by 15 U.S.C. § 1692a because it uses instrumentalities of commerce, mail services and telephones to maintain a business that's "principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

13.     Simon's is a New York corporation that regularly conducts business in this District. Simon's can be served at its principal place of business located at 4963 Wintersweet Dr. Liverpool, New York 13088.

## JURISDICTION AND VENUE

14.    Plaintiff incorporates the above paragraphs as though fully detailed herein.

15.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, 15 U.S.C. § 1681p, and 15 U.S.C. § 1692k.

16.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b), as "a substantial part of the events or omissions giving rise to the claim occurred" in this District.

## FACTUAL ALLEGATIONS

17.    Plaintiff incorporates the above paragraphs as though fully detailed herein.

18.    In or around February 2018, Plaintiff began receiving billing statements from non-party Raymour & Flanigan ("Raymour"), a furniture retail company, concerning a delinquent account (No. ****64417).

19.    Plaintiff did not have an account with Raymour.

20.    Plaintiff initially ignored the letters, believing them to have been inadvertently addressed

to him and expecting the error to be unceremoniously and swiftly corrected.

21.    Eventually, a Raymour tradeline appeared on Plaintiff's Equifax and Experian consumer reports.

22.    Shortly after discovering the tradelines, Plaintiff disputed the Raymour tradeline on his consumer reports, explaining that he was a victim of identity theft and that the Account did not belong to him.

23.    The Raymour tradeline was subsequently deleted from Plaintiff's Equifax and Experian consumer reports.

24.    Thereafter, Plaintiff believed the identity theft issue was resolved.

25.    Plaintiff's Experian credit file has been flagged with an ID Fraud Victim Alert since as early as July 4, 2018.

26.    Upon information and belief, Plaintiff's Equifax credit file has exhibited a fraud alert since sometime in July 2018.

27.    In or around December 2018, Plaintiff started receiving debt collection letters from Simon's Agency Inc. ("Simon's") on behalf of Raymour.

28.    Again, Plaintiff assumed the letters were a mistake.

29.    Upon information and belief, the Raymour tradeline stayed off Plaintiff's Equifax and Experian consumer reports for a couple of years.

30.    In or around the Fall of 2020, Plaintiff tried to apply for a mortgage.

31.    When the lender pulled Plaintiff's consumer reports, Plaintiff was shocked to learn that his credit score was significantly lower than anticipated.

32.    Upon information and belief, the lender informed Plaintiff that he would not be approved for a mortgage at favorable terms due to his credit score.

33.     Plaintiff was confused by this news, as he was under the impression that he had above-average credit.

34.     Plaintiff pulled his own consumer reports to check his credit scores.

35.     Upon review, Plaintiff discovered that the Raymour/Simon's Account had reappeared in his credit files, this time, as a "Collection Account."

36.     Equifax was reporting a Raymour & Flanigan Account (No. 222970X).

37.     Experian was reporting a Simon's Account (No. 222970X).

38.     The Raymour Account reported by Equifax and the Simon's Account reported by Experian have the same account number (No. 222970X).

39.     Upon information and belief, Raymour Account reported by Equifax and the Simon's Account reported by Experian are associated with the same fraudulently incurred debt, originally owed to Raymour and transferred to Simon's (the Raymour and Simon's tradelines will be collectively referenced as "the Account" herein).

40.     Upon information and belief, when the Account reappeared on Plaintiff's consumer reports, his credit scores dropped dramatically.

41.     Upon information and belief, the Account information was furnished by Simon's.

42.      In or around November 2020, Equifax was reporting the Account as "opened" on December 27, 2018 – months after the tradeline was initially deleted from Plaintiff's consumer report.

43.     Equifax also reported the Account as "in collections," with an outstanding balance of $1,843.00; a "payment status" of "unpaid;" and absolutely no payment history.

44.     In or around November 2020, Experian was reporting the Account as in collections with "Raymour Flanigan" as the original creditor.

45.    Experian reported the Account with a balance of $1,853.00 and a payment status of "seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department."

**December 2020 Disputes to Equifax and Experian**

46.    Upon information and belief, Plaintiff disputed the Account with Experian and Equifax in or around December 2020.

47.    Upon information and belief, Plaintiff's disputes explained that the Account was opened fraudulently and without his consent.

48.    Upon information and belief, Experian and Equifax forwarded Plaintiff's disputes to Simon's.

49.    Upon information and belief, Simon's received notice of Plaintiff's December 2020 disputes to Equifax and Experian.

50.    Upon information and belief, Simon's failed to conduct a reasonable investigation of one or more of Plaintiff's disputes.

51.    Upon information and belief, Simon's failed to forward the results of one or more of its dispute investigations to each of the consumer reporting agencies that received inaccurate information about Plaintiff and the Account.

52.    As a direct result of Simon's failure to reasonably investigate the disputed information and report the results to Equifax and Experian, the inaccurate Account remained on Plaintiff's consumer reports.

53.    Upon information and belief, neither Equifax nor Experian conducted a reasonable reinvestigation of Plaintiff's December 2020 disputes.

54.    On or about January 6, 2021, Equifax responded to Plaintiff's dispute letter.

55. In its response, Equifax indicated that it forwarded Plaintiff's dispute to Simon's Agency Inc. and determined that the Account "belongs to [him]."

56. Upon information and belief, Equifax blindly relied upon the information provided by Simon's despite knowing, or having reason to know, that the information was unreliable.

57. Upon information and belief, Experian did not respond to Plaintiff's dispute letter.

58. Upon information and belief, Equifax and Experian merely parroted the information provided by Simon's without verifying its accuracy.

59. Consequently, both Equifax and Experian continued to include the fraudulent, inaccurate Account in Plaintiff's consumer reports.

**January 2021 Disputes to Equifax and Experian**

60. Desperate for the information to be removed from his consumer reports, Plaintiff sent **additional, different** letters to Equifax and Experian on or about January 19, 2021.

61. In Plaintiff's January 19, 2021, letters, he provided his full name, birth date, social security number, and mailing address.

62. This time, however, Plaintiff simply disputed Equifax and Experian's reporting of the Account without mention of the identity theft.

63. Upon information and belief, Equifax and Experian forwarded Plaintiff's dispute letters to the furnisher, Simon's, in or around January 2021.

64. Upon information and belief, Simon's was notified of Plaintiff's January 2021 disputes to Experian and Equifax.

65. Upon information and belief, Simon's failed to conduct a reasonable investigation of Plaintiff's disputes.

66. Upon information and belief, Simon's failed to forward the results of one or more of its

dispute investigations to each of the consumer reporting agencies that received inaccurate information about Plaintiff and the Account.

67.     As a direct result of Simon's failure to reasonably investigate the disputed information and report the results to Equifax and Experian the inaccurate, fraudulent Account remained on Plaintiff's consumer reports.

68.     Upon information and belief, Experian did not respond to Plaintiff's January 2021 dispute letter.

69.     On or about February 16, 2021, Equifax responded to Plaintiff's dispute.

70.     Again, Equifax's response indicated that it had investigated Plaintiff's dispute and determined that the Account belonged to him.

71.     Upon information and belief, Equifax blindly relied upon the information provided by Simon's **again,** despite being notified, multiple times, that the Account was inaccurate and/or a product of identity theft.

72.     Upon information and belief, neither Equifax nor Experian conducted a reasonable reinvestigation of Plaintiff's January 2021 disputes.

73.     Upon information and belief, Equifax and Experian merely parroted the information provided by Simon's without verifying its accuracy.

74.     Consequently, both Equifax and Experian continued to include the inaccurate Account in Plaintiff's consumer reports.

**FTC Identity Theft Affidavit**

75.     While Plaintiff was waiting for responses to his January 2021 disputes, he filed an Identity Theft Affidavit with the Federal Trade Commission (Identity Theft Report No. 128890394) ("FTC Affidavit").

76.    The FTC Affidavit, filed January 21, 2021, explained that Plaintiff's identity was stolen in 2018 and the Account was opened without his authorization or consent.

## Letters to Non-party Raymour and Defendant Simon's

77.    On or about February 16, 2021, Plaintiff sent letters to Raymour and Simon's via certified mail.

78.    Plaintiff's letters explained that he was a victim of identity theft, and the outstanding account was opened without his knowledge or authorization.

79.    Plaintiff enclosed copies of his FTC Affidavit, photo identification, social security card, and proof of address.

80.    In his letters, Plaintiff asked both Raymour and Simon's to provide "a copy of application and business transaction records in the control of the business entity, whether maintained by the business entity, or by another person on behalf of the business entity, evidencing any transaction alleged to be a result of identity theft."

81.    Upon information and belief, both Raymour and Simon's received Plaintiff's February 2021 letters.

82.    Upon information and belief, neither Raymour nor Simon's responded to Plaintiff's February 2021 letters.

## February 2021 Dispute to Equifax

83.    On or about February 22, 2021, Plaintiff sent another dispute letter via certified mail to Equifax.

84.    In the February 2021 dispute letter, Plaintiff provided his full name, mailing address, social security number, and date of birth. Plaintiff also enclosed a copy of the FTC Affidavit he filed in January 2021 and documentation to prove his identity.

85.     In the February 2021 dispute letter, Plaintiff explained the Account was the product of identity theft.

86.     Accordingly, Plaintiff asked that Equifax block or delete its reporting of the Account.

87.     Upon receiving Plaintiff's February 2021 dispute, Equifax had a duty to block its reporting of the Account within four business days. 15 U.S.C. § 1681c-2.

88.     Thereafter, Equifax had a duty to notify the furnisher, Simon's, that the information it furnished may be a result of identity theft; an identity theft report has been filed; a block has been requested under 15 U.S.C. § 1681c-2; and indicate when the block was effective.

89.     Upon information and belief, Equifax failed to block its reporting of the Account after receiving Plaintiff's February 2021 dispute.

90.     Upon information and belief, Equifax failed to notify Simon's that the information it furnished may be a result of identity theft; an identity theft report was filed; a block was requested under 15 U.S.C. § 1681c-2; or indicate when the block was effective.

91.     Upon information and belief, Equifax simply forwarded Plaintiff's dispute letter to Simon's as required by the FCRA, without regard for the specific duties imposed on consumer reporting agencies in instances of identity theft.

92.     Upon information and belief, Simon's received notice of Plaintiff's February 2021 dispute to Equifax.

93.     Upon information and belief, Simon's failed to conduct a reasonable investigation of Plaintiff's February 2021 dispute.

94.     Upon information and belief, Simon's failed to forward the results of its dispute investigation to one or more of each of the consumer reporting agencies that received inaccurate information about Plaintiff and the Account.

95.     As a direct result of Simon's failure to reasonably investigate the disputed information and report the results to Equifax and Experian, the inaccurate Account remained on Plaintiff's consumer reports.

96.     Upon information and belief, Equifax failed to respond to the dispute letter Plaintiff sent in February 2021.

97.     Upon information and belief, Equifax failed to conduct a reasonable reinvestigation of Plaintiff's February 2021 dispute.

98.     Upon information and belief, Equifax failed to consider all relevant information when reinvestigating Plaintiff's February 2021 dispute.

99.     Upon information and belief, Equifax merely accepted the information furnished by Simon's as true, despite knowing or having reason to know that the information Simon's provided about Plaintiff was inaccurate.

100.    Consequently, Equifax continued to include the inaccurate, fraudulent Account in Plaintiff's consumer report.

**March 2021 Dispute to Experian**

101.    On or about March 2, 2021, Plaintiff another dispute letter to Experian via certified mail to dispute the Account.

102.    Upon information and belief, Plaintiff sent an "initial fraud alert" to Experian at the same time. The fraud alert letter asked Experian to place a fraud alert on Plaintiff's credit file and alert the other consumer reporting agencies of the same.

103.    In the same envelope that included the March 2021 dispute and the initial fraud alert letter, Plaintiff enclosed a copy of his FTC Affidavit, driver's license, social security card, and proof of his residency.

104.   Upon information and belief, Experian received the dispute and fraud alert letters that Plaintiff sent in March 2021.

105.   Upon receiving Plaintiff's fraud alert letter, Experian was obligated to place a fraud alert on Plaintiff's credit file and alert the other nationwide consumer reporting agencies of the fraud alert. 15 U.S.C. § 1681c-1.

106.   Upon information and belief, Experian failed to alert one or more of the nationwide consumer reporting agencies of Plaintiff's fraud alert.

107.   In the March 2021 dispute letter, Plaintiff explained that the Account was the product of identity theft.

108.   Upon receiving Plaintiff's March 2021 letters and proof of identity, Experian had a duty to block its reporting of the Account within four business days. 15 U.S.C. § 1681c-2.

109.   Thereafter, Experian had a duty to notify the furnisher, Simon's, that the information it furnished may be a result of identity theft; an identity theft report has been filed; a block has been requested under 15 U.S.C. § 1681c-2; and indicate when the block was effective.

110.   Upon information and belief, Experian failed to block its reporting of the Account after receiving Plaintiff's March 2021 dispute.

111.   Upon information and belief, Experian failed to notify Simon's that the information it furnished may be a result of identity theft; an identity theft report was filed; a block was requested under 15 U.S.C. § 1681c-2; or indicate when the block was effective.

112.   Upon information and belief, Experian simply forwarded Plaintiff's March 2021 dispute to Simon's as required by the FCRA, without regard for the specific duties imposed on consumer reporting agencies in instances of identity theft.

113.   Upon information and belief, Simon's received notice of Plaintiff's March 2021 dispute to

Experian.

114.    Upon information and belief, Simon's failed to conduct a reasonable investigation of Plaintiff's March 2021 dispute.

115.    Upon information and belief, Simon's failed to forward the results of its dispute investigation to one or more of the consumer reporting agencies that received inaccurate information about Plaintiff and the Account.

116.    As a direct result of Simon's failure to reasonably investigate the disputed information and report the results to Experian, the inaccurate Account remained on Plaintiff's consumer report.

117.    Upon information and belief, Experian failed to respond to the dispute letter Plaintiff sent in March 2021.

118.    Upon information and belief, Experian failed to conduct a reasonable reinvestigation of Plaintiff's March 2021 dispute.

119.    Upon information and belief, Experian failed to consider all relevant information when reinvestigating Plaintiff's March 2021 dispute.

120.    Upon information and belief, Experian merely accepted the information furnished by Simon's as true, despite knowing or having reason to know that the information Simon's provided about Plaintiff was inaccurate.

121.    Consequently, Experian continued to include the inaccurate, fraudulent Account in Plaintiff's consumer report.

**May 2021 Disputes to Equifax and Experian**

122.    On or about April 22, 2021, Plaintiff pulled his Experian and Equifax credit reports to see if the Account had been updated or deleted.

123.    Upon review, Plaintiff learned that Experian and Equifax were still including the

inaccurate, fraudulent Account in his consumer reports.

124.    On or about May 10, 2021, Plaintiff sent **another** set of dispute letters to Equifax and Experian via certified mail.

125.    In Plaintiff's May 2021 letters, he provided his full name, social security number, mailing address, and date of birth.

126.    In the May 2021 letters, Plaintiff referenced the disputes he sent earlier that year.

127.    Again, Plaintiff explained that the Account was opened fraudulently and without his authorization. He also enclosed **another** copy of the FTC Affidavit he filed in January 2021.

128.    Upon information and belief, Equifax and Experian received Plaintiff's disputes in or around May 2021.

129.    Upon receipt of the May 2021 disputes, both Equifax and Experian had a renewed duty to block their reporting of the Account within four business days. 15 U.S.C. § 1681c-2.

130.    Thereafter, Equifax and Experian had a duty to notify the furnisher, Simon's, that the information it furnished may be a result of identity theft; an identity theft report has been filed; a block has been requested under 15 U.S.C. § 1681c-2; and indicate when the block was effective.

131.    Upon information and belief, Equifax blocked its reporting of the Account after receiving Plaintiff's May 2021 dispute.

132.    Experian, however, failed to block its reporting of the Account after receiving Plaintiff's May 2021 dispute.

133.    Upon information and belief, neither Equifax nor Experian notified Simon's that the information it furnished may be a result of identity theft; an identity theft report was filed; a block was requested under 15 U.S.C. § 1681c-2; or indicated the effective dates of the block.

134.    Upon information and belief, Experian and Equifax forwarded Plaintiff's May 2021

disputes to Simon's.

135.    Upon information and belief, Simon's received notice of Plaintiff's May 2021 disputes to Equifax and Experian.

136.    Upon information and belief, Simon's failed to conduct a reasonable investigation of one or more of Plaintiff's May 2021 disputes.

137.    Upon information and belief, Simon's failed to forward the results of one or more of its dispute investigations to each of the consumer reporting agencies that received inaccurate information about Plaintiff and the Account.

138.    Upon information and belief, neither Equifax nor Experian responded to Plaintiff's May 2021 disputes.

139.    On or about July 5, 2021, Plaintiff pulled his Equifax and Experian consumer reports to determine whether the Account had been deleted.

140.    Upon review, Plaintiff learned that Equifax had **finally** removed the inaccurate and fraudulent Account from his consumer report.

141.    However, Experian failed to do the same.

142.    Instead, Experian continued to report the Account as "opened" on December 27, 2018, with an outstanding balance of $1,853, and in collections.

143.    It is unclear why Experian continued to inaccurately report the fraudulent Account when Equifax deleted it.

144.    Upon information and belief, Experian failed to conduct a reasonable reinvestigation of Plaintiff's May 2021 dispute.

145.    Upon information and belief, Experian failed to consider all relevant information when reinvestigating Plaintiff's May 2021 dispute.

146. Upon information and belief, Plaintiff's credit score was rated "excellent" and at a high of over 770 before the Account reappeared on his consumer reports.

147. As a direct result of Defendants' conduct, Plaintiff was unable to secure a mortgage at favorable terms.

148. As a direct result of Defendant's conduct, Plaintiff refrained from applying for credit due to the significant drop in his credit scores related to Defendants' reporting of the fraudulent Account.

149. Defendants' inaccurate reporting and failure to correct the Simon's account constantly reminded Plaintiff of the damage resulting from his stolen identity.

150. As a result of Defendants' actions, Plaintiff's credit score has fallen drastically and precipitously.

151. As a direct result of Defendants' violative conduct, Plaintiff sustained actual damages including, but not limited to, sleepless nights, frustration, wasted time, embarrassment, anguish, emotional distress, mental pain, a decreased credit score, and lesser creditworthiness.

## CAUSES OF ACTION

### COUNT I
### *Against Equifax and Experian for Violating 15 U.S.C. § 1681e(b)*

152. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

153. The FCRA requires consumer reporting agencies, like Experian and Equifax, to maintain "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

154. Both Experian and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation,

maintenance and publication of Plaintiff's consumer reports.

155.    Both Experian and Equifax received actual notice in or around July 2018 that the Account was opened without Plaintiff's authorization or consent.

156.    Both Experian and Equifax received actual notice in or around July 2018 that Plaintiff was a victim of identity theft.

157.    Both Experian and Equifax deleted the Account from Plaintiff's credit files in or around 2018.

158.    Therefore, both Experian and Equifax also violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure that information they previously removed from Plaintiff's consumer reports did not reappear.

159.    As a direct result of Experian and Equifax's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages as detailed herein.

160.    Experian and Equifax's violations of 15 U.S.C. § 1681e(b) were willful, rendering each of them individually liable for punitive damages in an amount to be determined at trial. 15 U.S.C. § 1681n. Additionally, Experian and Equifax are individually liable for Plaintiff's statutory damages, actual damages, and reasonable attorney's costs and fees. 15 U.S.C. § 1681n.

161.    In the alternative, Experian and Equifax's violations of 15 U.S.C. § 1681e(b) were negligent, rendering them individually liable for Plaintiff's actual damages, statutory damages, and reasonable attorney's fees and costs. 15 U.S.C. § 1681o.

## COUNT II
### *Against Equifax and Experian for Violating 15 U.S.C. § 1681i*

162.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

163.    The FCRA imposes certain duties upon consumer reporting agencies, like Equifax and

Experian, when they receive a dispute from a consumer, like Plaintiff. 15 U.S.C. § 1681i.

164.    Upon receipt, the consumer reporting agency is required to forward the dispute and all relevant information to the furnisher. 15 U.S.C. § 1681i(a)(2).

165.    Additionally, the consumer reporting agency is required to conduct a reasonable reinvestigation of the dispute information. 15 U.S.C. § 1681i(a)(1).

166.    As part of its reinvestigation, the consumer reporting agency is required to consider all relevant information. 15 U.S.C. § 1681i(a)(4).

167.    After completing its reinvestigation, the consumer reporting agency is required to delete, update, or modify any incomplete, inaccurate, or unverifiable information. 15 U.S.C. § 1681i(a)(5).

168.    Upon information and belief, Experian and Equifax received at least four disputes from Plaintiff between December 2020 and May 2021.

169.    As detailed herein, both Experian and Equifax were already aware that Plaintiff was the victim of identity theft in 2018.

170.    Further, both Experian and Equifax had already deleted the Account from Plaintiff's consumer credit files in or around 20218, after learning it was a product of identity theft.

171.    Upon information and belief, neither Equifax nor Experian considered the information within their own records when reinvestigating Plaintiff's disputes between December 2020 and May 2021.

172.    Upon information and belief, Experian violated 15 U.S.C. § 1681i(a)(1) at least four times by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate.

173.    Upon information and belief, Experian violated 15 U.S.C. § 1681i(a)(2)(A) at least four

times by failing to provide Simon's with all of the relevant information regarding Plaintiff and his disputes.

174. Upon information and belief, Experian violated 15 U.S.C. § 1681i(a)(4) at least four times by failing to consider all relevant information during its reinvestigations of Plaintiff's disputes.

175. Upon information and belief, Experian violated 15 U.S.C. § 1681i(a)(5)(A) at least four times by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file and consumer reports.

176. Upon information and belief, Equifax violated 15 U.S.C. § 1681i(a)(1) at least three times by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate.

177. Upon information and belief, Equifax violated 15 U.S.C. § 1681i(a)(2)(A) at least three times by failing to provide Simon's, the furnisher of the disputed information, with all of the relevant information regarding Plaintiff and his disputes.

178. Upon information and belief, Equifax violated 15 U.S.C. § 1681i(a)(4) at least three times by failing to consider all relevant information during its reinvestigations of Plaintiff's disputes.

179. Upon information and belief, Equifax violated 15 U.S.C. § 1681i(a)(5)(A) at least three times by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file and consumer reports.

180. As a direct result of Experian and Equifax's violations of 15 U.S.C. § 1681i, Plaintiff suffered actual damages as detailed herein.

181. Experian and Equifax's violations of 15 U.S.C. § 1681i were willful, rendering each of them individually liable for punitive damages in an amount to be determined at trial. 15 U.S.C. § 1681n. Additionally, Experian and Equifax are individually liable for Plaintiff's statutory

damages, actual damages, and reasonable attorney's costs and fees. 15 U.S.C. § 1681n.

182.     In the alternative, Experian and Equifax's violations of 15 U.S.C. § 1681i were negligent, rendering them individually liable for Plaintiff's actual damages, statutory damages, and reasonable attorney's fees and costs. 15 U.S.C. § 1681o.

### COUNT III
*Against Equifax and Experian for Violating 15 U.S.C. § 1681c-2(b)*

183.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

184.     Under 15 U.S.C. § 1681c-2(a), "a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of—

> (1) Appropriate proof of the identity of the consumer;
> (2) A copy of an identity theft report;
> (3) The identification of such information by the consumer; and
> (4) A statement by the consumer that the information is not information relating to any transaction by the consumer.

185.     Thereafter, 15 U.S.C. § 1681c-2(b) requires the consumer reporting agency to notify the furnisher of the blocked information

> (1) That the information may be a result of identity theft;
> (2) That an identity theft report has been filed;
> (3) That a block has been requested under this section; and
> (4) Of the effective dates of the block.

186.     Plaintiff sent Equifax two dispute letters via certified mail, one on or about February 22, 2021, and another on or about May 10, 2021.

187.     Both of Plaintiff's letters indicated he was a victim of identity theft; specifically identified the Account; included proof of his identity; and contained copies of his FTC Affidavit.

188.     Upon information and belief, Equifax received Plaintiff's February and May 2021 disputes and accompanying documents.

189.     Upon information and belief, Equifax violated 15 U.S.C. § 1681c-2 by failing to block its reporting of the Account after receiving Plaintiff's February 2021 dispute letter; proof of identification; and copy of the FTC Affidavit.

190.     Upon information and belief, Equifax also violated 15 U.S.C. § 1681c-2(b) by failing to notify Simon's that the information it furnished about Plaintiff was the product of identity theft after receiving Plaintiff's February and May 2021 disputes.

191.     Plaintiff sent Experian two letters via certified mail, one on or about March 2, 2021, and another on or about May 10, 2021, that indicated he was a victim of identity theft; specifically identified the Account; included proof of his identity; and contained copies of his FTC Affidavit.

192.     Upon information and belief, Experian received Plaintiff's March and May 2021 disputes and accompanying documents.

193.     Experian violated 15 U.S.C. § 1681c-2 at least two separate times by failing to block its reporting of the Account after receiving Plaintiff's March and May 2021 dispute letters; proof of identification; and copies of the FTC Affidavit.

194.     Upon information and belief, Experian also violated 15 U.S.C. § 1681c-2(b) by failing to notify Simon's that the information it furnished about Plaintiff was the product of identity theft after receiving Plaintiff's March and May 2021 disputes.

195.     As a direct result of Equifax and Experian's violations of 15 U.S.C. § 1681c-2, Plaintiff suffered actual damages as detailed herein.

196.     Equifax and Experian's violations of 15 U.S.C. § 1681c-2 were willful, rendering each of them individually liable for punitive damages in an amount to be determined at trial. 15 U.S.C. §

1681n. Additionally, Experian and Equifax are individually liable for Plaintiff's statutory damages, actual damages, and reasonable attorney's costs and fees. 15 U.S.C. § 1681n.

197. In the alternative, Experian and Equifax's violations of 15 U.S.C. § 1681c-2 were negligent, rendering them individually liable for Plaintiff's actual damages, statutory damages, and reasonable attorney's fees and costs. 15 U.S.C. § 1681o.

### COUNT IV
*Against Simon's for Violating 15 U.S.C. § 1681s-2(b)*

198. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

199. Upon receiving notice of a consumer's dispute from a credit reporting agency, a furnisher, like Simon's, is required to conduct a reasonable investigation of the disputed information; review all relevant information; report the results of the investigation to the consumer reporting agency; and if the disputed information was inaccurate, incomplete, or unverifiable, forward the results of the investigation to every consumer reporting agency that received it. 15 U.S.C. § 1681s-2(b).

200. On at least eight separate occasions, Simon's violated 15 U.S.C. § 1681s-2(b) by failing to conduct timely and reasonable investigations of Plaintiff's disputes after receiving notice thereof from Equifax and Experian.

201. Simon's willfully and knowingly continued to furnish inaccurate information to Experian and Equifax despite having received notice of Plaintiff's **eight (or more)** disputes.

202. As a result of Simon's' violative conduct, Plaintiff suffered actual damages, as detailed herein.

203. Simon's' violations of 15 U.S.C. § 1681s-2(b) were willful, rendering it liable for punitive damages in an amount to be determined at trial. 15 U.S.C. § 1681n. Additionally, Simon's is liable

for Plaintiff's statutory damages, actual damages, and attorney's fees and costs. 15 U.S.C. § 1681n.

204.     Alternatively, Simon's' violations of 15 U.S.C. § 1681s-2(b) were negligent, rendering it liable for Plaintiff's statutory damages, actual damages, and reasonable attorney's fees and costs. 15 U.S.C. § 1681o.

**COUNT V**

***Against Simon's for Violating 15 U.S.C. § 1692, et seq.***

205.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

206.     At large, 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

207.     Subsection (10) of 15 U.S.C. § 1692e expressly prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

208.     Simon's violated 15 U.S.C. § 1692e(10) by attempting to collect a debt from Plaintiff that he did not owe.

209.     Subsection (2) of 15 U.S.C. § 1692e specifically prohibits a debt collector from falsely representing the character, amount, or legal status of a debt.

210.     Simon's violated 15 U.S.C. § 1692e(2) by representing to Plaintiff, Equifax, and Experian that Plaintiff was legally responsible for repaying the Account that was opened by an identity thief.

211.     Subsection (8) of 15 U.S.C. § 1692e specifically prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

212.    On at least **eight** occasions, Simon's was notified by Equifax and Experian, that Plaintiff disputed the information Simon's provided about Plaintiff and the Account.

213.    Therefore, Simon's received at least **eight** notifications that the Account was "disputed."

214.    Upon information and belief, at least **six** of Plaintiff's disputes to Equifax and Experian **explicitly stated** that Plaintiff was disputing the Account **because** it was the product of identity theft.

215.    Upon information and belief, Simon's received Plaintiff's letter in or around February 2021.

216.    Therefore, Simon's was notified at least **seven** times that the Account was opened fraudulently.

217.    Simon's knew or should have known Plaintiff did not open or use the Account.

218.    Nonetheless, Simon's continued to furnish information about the Account to one or more consumer reporting agencies indicating that it was Plaintiff's responsibility.

219.    In fact, Simon's continued to furnish information about the Account to one or more consumer reporting agencies without even marking the Account as disputed.

220.    As a direct consequence of Simon's failure to stop furnishing information about the fraudulent Account to the consumer reporting agencies, Plaintiff suffered actual damages as detailed herein.

221.    As a direct consequence of Simon's failure to indicate that the information it provided was disputed, Plaintiff suffered actual damages as described herein.

222.    Accordingly, Simon's is liable for Plaintiff's statutory and actual damages. 15 U.S.C. § 1692k.

## JURY DEMAND

223.    Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendants:

a)  Awarding Plaintiff statutory, actual, and punitive damages under 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o;

b)  Awarding Plaintiff statutory and actual damages under 15 U.S.C. § 1692k;

c)  Awarding attorney's fees and costs, and other relief under 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o; and

d)  Awarding such other relief as to this Court may seem just and proper.

Submitted the 7th day of September, 2021.

DANIEL COHEN PLLC
*/s/ Daniel Cohen*
Daniel Cohen, Bar No. 5481460
Levi Eidelman
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: (718) 770-7940
(718) 715-1750 (fax)
dcohen@consumerattorneys.com
leidelman@consumerattorneys.com